[Civ. No. 8969.   Third Dist.   Feb. 28, 1957.]

MORTGAGE FINANCE CORPORATION (a Corporation), Appellant, v. JERE STRIZEK et al., Respondents.

---

*Assigned by Chairman of Judicial Council.

McDonough & Wahrhaftig for Appellant.

Devlin, Diepenbrock & Wulff for Respondents.

VAN DYKE, P. J.—Appellant, as plaintiff, brought this action against respondents, as defendants, to recover for services alleged to have been performed by it as a real estate broker. It alleged that it was duly licensed at the time it performed the services and when its cause of action arose. Respondents in their answer denied these allegations and also generally denied the allegations as to the merits. When the cause came on for trial, the court, on motion of respondents and acting under section 597 of the Code of Civil Procedure, first tried the special defense that appellant was not licensed. It held that the defense was made out and, accordingly, entered judgment that appellant could not maintain the action. In this the court acted under the provisions of the Business and Professions Code, section 10136, which declares that:

"No person engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker . . . at the time the alleged cause of action arose."

It appears without dispute that appellant had been licensed as a real estate broker for the year 1950-1951; that on April 3, 1951, the Real Estate Commissioner noticed a hearing upon

charges of misconduct made against appellant and on June 22 ordered that appellant's license be revoked, the order to be effective as of July 9, 1951; that on July 6, 1951, appellant filed a petition for a writ of mandamus in the Superior Court in and for the City and County of San Francisco to review the commissioner's decision, whereupon that court issued an alternative writ and at the same time made the following order: "It is hereby ordered . . . that until further order in the premises, you, the said D. D. Watson, Real Estate Commissioner, and all of your agents, deputies, employees and attorneys, do absolutely desist and refrain from exercising or attempting to exercise any control or authority over petitioner [appellant] and its business, and from proceeding to revoke petitioner's license to do business in this State." By statutory provision appellant's license would expire at midnight, June 30, 1951, unless renewed upon application. Appellant made no application for renewal prior to the expiration date, nor did it make any application for renewal thereafter.

There is nothing in the law which compels a licensed real estate broker to continue in business or to renew his license, and if he does not do so he is unlicensed after the expiration date. That is the status which appellant achieved as of midnight, June 30, 1951, and which it has retained ever since. It was, therefore, unlicensed when it contracted to serve defendants as a real estate broker and when, according to its allegations, the cause of action here sued upon arose. It, therefore, came under the ban of said section 10136 of the Business and Professions Code and the judgment of the trial court should be affirmed.

Appellant contends, however, that by reason of the pendency of the mandamus proceedings and by reason of the stay order we quoted above, its license did not expire and it was not necessary for it to apply for renewal thereof. It argues that the pendency of the mandamus proceedings and the stay order of the court conferred upon it what it refers to as a "judicial license" to continue in business with all the benefits and privileges that flow from a license therefor. We do not agree.

Under the provisions of section 1094.5 of the Code of Civil Procedure, which governs the review of administrative orders by the courts, it is provided that the court in which proceedings under that section are instituted may stay the operation of the administrative order or decision pending the judgment of the court. Similar provisions for stays are provided when and if the matter comes before the appellate courts, but

the stay orders so authorized are in aid of the jurisdiction of the reviewing courts, including the superior court, and do not authorize any interference with the general powers and duties of the commissioner to supervise the actions of licensees and to enforce as against them the provisions of the laws governing their business. Although the language of the order made by the superior court appears to be broad enough to justify an interpretation such as appellant seeks to put upon it, we think it must be interpreted in the light of the controlling statutes and, so interpreted, does no more than to stay the force and effect of the order of revocation pending a determination by the court of the validity of that order. If it must be interpreted as supplanting the authority of the commissioner over appellant as a licensee or as being some sort of "judicial license," removing appellant from the control of the commissioner, then it is to that extent a void order.

Since the appellant was unlicensed when the cause of action here sued upon arose, it cannot maintain its action.

The judgment of the trial court is affirmed.

Peek, J., and Warne, J., pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.